Exchange Bank v. Cooper.

THE EXCHANGE BANK OF ST. LOUIS, Defendant in Error, v. WILLIAM G. COOPER, Plaintiff in Error.

1. *Practice — Trials — Instructions.*— The court should give or refuse the instructions asked by counsel in the language in which they are prayed. A modification made in an instruction asked is equivalent to a refusal of the instruction as prayed.

2. *Attachment — Residence — Domicil.*— A party may have a residence in one State, while his family may dwell in another State.

*Error to St. Louis Circuit Court.*

*Russell & Goff,* for plaintiff in error.

The refusal of defendant's instructions was error; for, to constitute defendant's declarations matter of estoppel *in pais,* it must have appeared—1. That they were inconsistent with the fact sought to be proved, viz., that he was a resident; 2. That they were made wilfully and with intent to induce plaintiff to believe he was a non-resident; 3. That they were sufficient to induce a reasonable man to believe it; 4. That plaintiff did believe it, and, relying on it, instituted suit; 5. That she would have been injured by allowing proof of plaintiff's evidence.—Pickard v. Sears, 6 Ad. & El. 469; Freeman v. Cook, 2 Exch. Rep. 654; Brown v. Wheeler, 17 Conn. 345; Parker v. Barker, 2 Metc. 423; Danforth v. Adams, 29 Conn. 107; Hill v. Epley, 31 Penn. 331; Cuttle v. Brockway, 32 Penn. 45; Benbocker v. Okeron, 36 Penn. 519; Eldrid v. Hazlitt's adm'r, 33 Penn. 307; Boggs v. Mercer Mining Co., 14 Cal. 279–366; Taylor et al. v. Ely, 25 Conn. 251.

To make defendant's answer to questions matter of estoppel, it should be shown what those questions were, and that defendant knew the object of them, and that his answers would be relied on.—Hackett v. Callender et als., 32 Vt. (3 Shaw,) 97.

*Glover & Shepley,* for defendant in error.

FAGG, Judge, delivered the opinion of the court.

The record in this case presents but few questions for consideration. It is brought to this court by writ of error to the St. Louis Circuit Court. The Exchange Bank instituted a suit by attachment against Cooper, plaintiff in error, to recover a balance which was alleged to have been overdrawn on his account with the bank. The ground of the attachment stated in the affidavit was that Cooper was a non-resident of the State. The return of the officer showed that he was personally served, and the defendant appeared in proper time and filed his plea in abatement, which was tried by the court sitting as a jury.

The defendant asked the court to give four declarations of law. The first two were given with certain additions attached to them by the court upon its own motion, and the third was refused altogether ; to all of which exceptions were duly taken at the time. The fourth was given in the shape it was asked.

Defendant's second declaration is as follows : "2. Though the evidence shows that defendant, at the time the attachment was sued out, had a wife living outside of the State of Missouri,—if the fact is also proved that he had previous to that time separated from his said wife, and was at that time living separate from her and keeping house and doing business in the State of Missouri, and slept and made his home at his said house and place of business, he was in contemplation of law a resident of this State, and plaintiff cannot recover on the plea in abatement"—to which the court added of its own motion the following—" unless defendant had represented himself to plaintiff to be a non-resident."

The action of the court in this matter is to be taken as a refusal of the instruction, so far as the defendant is concerned, and as giving it upon its own motion. This practice was condemned by this court as improper in the case of Meyer v. Pacific Railroad, decided at the present term (p.

151, *ante*). The law was correctly stated, and the instruction should have been given as asked by the defendant.

For some reason unexplained by the record, a witness, introduced by the defendant to prove defendant's residence in the State, had been interrogated by the court as to the fact of his having a wife living outside the limits of the State. The answers to these questions account for the theory upon which this instruction was drawn. This witness stated that defendant resided in and kept a store at the city of St. Louis at the time of the commencement of this proceeding, and that he had so resided and carried on his said business for a period of more than two years previous thereto. This witness was not contradicted or impeached by any other witness in the case.

Robert E. Carr, the cashier of the bank, and upon whose affidavit the writ of attachment was issued, was the only witness introduced on the part of the plaintiff. He testified as follows: " I know defendant ; have known him in St. Louis about twelve months ; he was in St. Louis on the 16th day of December, 1864. I had reason to believe he resided in Wisconsin previous to coming here. I believe he lived here on the 16th of December last.  *  *  *  *  He was doing business as a substitute broker in St. Louis, and had an office," &c. In reference to a conversation which he had with the defendant just previous to the institution of the suit, as witness says, " to ascertain from him where he resided, he told me he resided in Wisconsin at the beginning of the war ; he had enlisted in the army in Wisconsin, and was here on furlough, and was in the United States military service in some capacity, probably recruiting." He could not have been a substitute broker and a recruiting officer for the army at the same time ; but at all events he was living at St. Louis "on the 16th day of December, 1864," in the language of the witness, that being the day on which the writ was issued.

The witness was recalled by the plaintiff at a subsequent part of the trial, and, after repeating substantially his con-

versation with defendant, says, "this induced me to believe that he was a non-resident, and I got out the attachment under this impression."

The only proof, then, in the case of the fact of defendant being a non-resident was an inference drawn from the statements of the defendant. This was not sufficient to authorize the declaration of law given for the plaintiff. It was to the effect that defendant, by admitting that he was not a resident of the State, and that the plaintiff being thereby induced to institute this proceeding against him, he was estopped from denying such admissions on the trial.

For the giving of this instruction, and also for its erroneous action in relation to the second instruction asked by defendant, the judgment of the Circuit Court must be reversed and the cause remanded. The other judges concur.