CHARLES RHEINHART ET AL., Appellants, v. CHARLES G. GRANT ET AL., Respondents.

Kansas City Court of Appeals, January 10, 1887.

1. EVIDENCE—WITNESS CONTRADICTING WHAT HE HAS WRITTEN —WEIGHT OF FOR JURY.—There is no legal reason why a witness may not give evidence in direct conflict with what he had written at a previous time on the same matter. What he wrote is proper evidence against him and what he testifies to is proper evidence for him—both to be weighed by the jury.

2. ATTACHMENT—TRUTH OF THE GROUNDS ALLEGED, AND NOT BELIEF OF IN ISSUE.—In order to sustain the grounds of an attachment, under the statute, it is not enough that the attaching plaintiff *believed* that his charges were true, the charges must be shown to be true *in fact.*

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

The case is stated in the opinion.

BROWN, CHAPMAN & BROWN, for the appellants.

I. The purport of the letter, written by defendants, could not be explained by the parol evidence of the defendants. 1 Greenl. Evid., sects. 87, 88, 463, 466; *Chamorgan v. Guisse,* 1 Mo. 141; *Ashley v. Bird,* 1 Mo. 640; *Bunce v. Beck,* 43 Mo. 266; *Garnhart v. Finney,* 40 Mo. 449. Defendants should not have been permitted to explain to the jury that they meant nothing by the verbal threats made to the witness Brown, as

to seeing that plaintiffs should receive no part of their debt. *Cocke v. Kuykendall*, 41 Miss. 65; *Roach v. Brannon*, 57 Miss. 490.

II. In alleging grounds for attachment, the law does not [require absolute knowledge, otherwise the remedy by attachment would be almost wholly destroyed. Fraud may be shown by circumstances from the existence of which the inference of fraud is natural and irresistible. *Bullock v. Narrott*, 49 Ill. 62; *Bryan v. Simoneau*, 51 Ill. 324. There can be no stronger evidence of fraud than the letters and admissions of defendants before this suit was commenced. Threats to dispose of property are good grounds for attachment. Waples on Attachments, 68; *Hirsch v. Hutchinson*, 64 How. Pr. 366; 11 Cent. Law Jour., 481. So an attachment is justifiable where defendant has threatened, if sued, to cover up his property, so as to prevent plaintiff from getting anything by suit. *Newman v. Krain*, 34 La. Ann. 910; *White v. Leozynsky*, 14 Cal. 165. Such threat is evidence of being *about* fraudulently to dispose of his property to hinder or delay creditors. *Ibid.*

III. The court erred in refusing to grant a new trial. The case was decided against plaintiffs by the perjury of the defendants, in contradicting their former admissions and saying their threats were not serious, and in this way permitted to take advantage of their own wrong.

ALBERT YOUNG and W. A. ALDERSON, for the respondents.

I. The *belief* of the plaintiffs and the *goodness of their reasons* for suing out the attachment are not issuable facts on the trial of a plea in abatement. It is the *existence* and *truth* of the facts and allegations only that are thus put in issue. *Chenault v. Chapron*, 5 Mo. 438; *Dider v. Courtney*, 7 Mo. 500.

II. The letter in this case is a non-dispositive document; it disposes of no rights as a contract or deed.

Wharton Evid., sect. 920; Steph. Dig. Law of Evid., sect. 90. And when a party to a suit is admitted as a witness he may testify as to the *intention* with which he did an act, whenever it is material to the issues to determine what such intention was. *Vansickle v. Brown*, 68 Mo. 627. And in all actions involving charges of fraud, the *intent* with which the party charged does the act in question may be given in evidence by him. Wait's Fraud. Convey., sect. 105.

III. Defendants are not *estopped* from explaining the terms of the letter. The representation must have reference to a *present or past* state of things and not to something in the future (as in this case), to constitute estoppel. Bigelow Estoppel, 486; *Langdon v. Doud*, 10 Allen (Mass.) 433. *Certainty* is' essential to all estoppels, and in arriving at this the *whole representations* must be taken together.

IV. If no objection is made at the time to the evidence all objection to it is considered waived. If a *general* objection to it is made, but no *ground* of objection is *specified*, the objection will not be considered. If a ground of objection is stated all grounds *not specified* are considered as *waived*. *Fisher v. Neil*, 6 Fed. Rep. 89; *Evanston v. Gunn*, 99 U. S. 660; *Harrison v. Bartlett*, 51 Mo. 170. In this case no exception is rendered to the ruling of the court on objections to testimony.

Ellison, J.—This is a suit in attachment founded upon an affidavit alleging the usual statutory grounds, to which a plea in abatement was filed by the defendants, and a trial by a jury had, which resulted in a verdict and judgment for the defendants. The only issue and ground of attachment upon which any evidence was adduced at the trial was that the defendants were about fraudulently to convey or assign their property or effects so as to hinder or delay their creditors. Upon this there was testimony either way, plaintiffs

relying principally on the following letter from defendants :

"KANSAS CITY, Mo,
"*Reinhart, D. & Co., St. Louis, Mo.*

"DEAR SIRS :— A lawyer called on us to-day in regard to your bill. Now we wish to let you understand just what we intend to do in the matter. We offered you a note due in six months, which you refused. We have a few hundred dollars invested in real estate here which we are offering for sale, and as soon as we sell your account will be paid, as it is on account of your bill that we are going to sell, although we will lose by selling. Now if another lawyer sets his foot into our place, or if we are dunned in this manner for your bill, we shall consider the account squared.

"This is the last we shall write to you. Please understand that we can do no better than our best, and if you choose to try and bull-doze us into paying before we can you will most certainly lose by it.

"Yours respectfully,
"GRANT & ELBERT."

Plaintiffs contend that this letter is not subject to any explanation by the writers, and that it, in connection with threats made, sustains subdivisions nine and ten of section 396, Revised Statutes, of the attachment law.

Plaintiffs offered instructions, which were refused, to the effect that, if from defendants' letter and threats plaintiffs "had reasonable grounds to believe and did believe that defendants intended" to defraud them, then, in such case it did "not matter whether defendants intended to carry out their intentions as indicated or not," and that if the statements and threats made by defendants to plaintiffs were such as to lead plaintiffs to believe a fraudulent disposition of the property was intended, and that if the defendants " threatened when the claim of plaintiffs was presented to them, that they would never pay the same unless the plaintiffs

should conform to their pleasure in regard to the same, then the jury are instructed that such threats upon the part of the defendants indicated on their part an intention to evade payment of their debts by fraud when pressed to do so, and the jury will find for plaintiffs."

The court of its own motion gave an instruction that it was "only necessary for plaintiffs to prove the truth of one of these two charges, and if you believe from the evidence in the truth of one of these allegations, then your verdict should be for the plaintiffs; but if you find from the evidence that neither of these charges are true, then your verdict should be for the defendants. It is not enough that plaintiffs may have sincerely believed that these charges were true. You must believe that one or both of these charges were in fact true at the suing out of the writ of attachment or your verdict should be for the defendants."

There is no legal reason why the witnesses might not have given evidence in d'rect conflict with what they had written. What they wrote is proper evidence against them, and what they testify to is evidence for them, both to be weighed by the jury.

The instructions offered by plaintiffs were properly refused and that from the court of its own motion was properly given.

The question for the jury in such cases is, not what did plaintiffs believe or defendants threaten; but what was the fact. There is no estoppel in the case. *Miller v. Anderson* (19 Mo. App. 71), is not an authority in plaintiffs' favor. I conceive it to be against their position. In the case of *Exchange Bank v. Cooper* (40 Mo. 169), the lower court, after instructing the jury upon the part of the plaintiff as to the question of whether the defendant was a resident or not, added of its own motion, "unless defendant had represented himself to plaintiff to be a non-resident." The cashier of the bank, who was the chief witness for plaintiff, after testifying to certain admissions of defendant just previous to the

filing of the attachment, to the effect that he was a non-resident, then said: "This induced me to believe he was a non-resident, and I got out the attachment under this impression." The court in that case says: "The only proof, then, in the case of the fact of the defendant being a non-resident, was an inference drawn from the statements of the defendant. This was not sufficient to authorize the declaration of law given for the plaintiff. It was to the effect that defendant, by admitting that he was not a resident of the state, and that the plaintiff being thereby induced to institute this proceeding against him, he was estopped from denying such admission on the trial. For the giving of this instruction   *   *   *   the judgment of the circuit court must be reversed and the cause remanded." The question has been ruled otherwise in some of the states, but the doctrine herein declared for, is thought to be more consonant with the principles of law governing such questions.

The judgment is affirmed. All concur.