HENRY McNICHOLS, Appellant, v. AMELIA WISE, Respondent.

St. Louis Court of Appeals, May 7, 1895.

Attachment: ESTOPPEL. The defendant in a suit by attachment will, at the trial of the issues under his plea in abatement, be estopped from denying the truth of statements made by him to the plaintiff, if the matters stated in themselves, without the aid of any inference, constitute ground for attachment, and were relied upon as such ground by the plaintiff in the institution of the suit.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Jos. S. Laurie* for appellant.

The rule as to the operation and effect of an estoppel *in pais*, or equitable estoppel, extends to all cases,

and under its application it is held, without exception, that, whenever one party has made a declaration or statement to another, upon which the latter relied and acted, the former shall not be permitted to prove such representation was false, if injury will occur to him who acted upon the faith of its truth. 2 Parsons on Contracts [8 Ed.], bottom p. 919, 920; Herman on Estoppel, secs. 779, 782, 786, 787, 789, 790, 811, 995; 2 Pomeroy on Equity, secs. 804, 805; 1 Greenleaf on Evidence, secs. 204, 207, 208. Said rule has been applied upon the trial of pleas in abatement in attachment suits under statutes like ours, so as to preclude the defendant from disproving his own former declaration upon the faith of which the attachment was obtained. *Newman v. Kraim*, 34 La. Ann. 910; *Livermore v. Rhodes*, 27 How. Pr. 506; *Roach v. Brannan*, 57 Miss. 490; *Morgan v. Nunes*, 52 Miss. p. 308; *Cocke v. Kuykendall*, 41 Miss. 65; *Horn v. Cole*, 51 N. H. 287. The case last cited is quoted and approved in strong terms by the supreme court of this state in *Guffey v. O'Reilly*, 88 Mo. 418.

*Phil. Pollack* for respondent.

A plea in abatement puts in issue facts, not the grounds of belief in plaintiff's right of attachment. *Rheinhart v. Grant*, 24 Mo. App. 154–158; *Chenault v. Chapron*, 5 Mo. 438; *Exchange Bank v. Cooper*, 40 Mo. 169–171; *Dider v. Courtney*, 7 Mo. 500. There is no estoppel in this case. Defendant may show that sufficient facts for attachment do not exist, although prior assertions to the contrary may have led plaintiff to sue out attachment. *Miller v. Anderson*, 19 Mo. App. 71; *Rheinhart v. Grant*, 24 Mo. App. 154–158; *Exchange Bank v. Cooper*, 40 Mo. 169–171.

BIGGS, J.—When the affidavit for attachment is founded upon facts derived from the defendant, which, if true, fully justify the attachment, and by reason thereof the plaintiff acted, is the defendant estopped from denying the truthfulness of his statements? The record in this case presents that question for decision, and it arises in this way: The plaintiff instituted suit by attachment against the defendant before a justice of the peace. The grounds of the attachment were that the defendant was about to remove from the state with intent to change her domicile, and was about to remove her property or effects from the state with the intent to hinder, delay or defraud her creditors. The defendant filed a plea in abatement putting in issue the truth of the alleged grounds of attachment. On a trial before the justice the issues raised by the plea in abatement were found in favor of the defendant. Afterward the plaintiff obtained judgment on the merits. Upon the same day he took an appeal from the verdict and judgment on the plea in abatement. On a trial *de novo* in the circuit court the issues were found for him. The court, however, set aside the verdict and granted the defendant a new trial for alleged error in the following instruction which the court had given, to wit: "The court instructs the jury that, if they believe from the evidence that, prior to the institution of this attachment suit, defendant told the plaintiff that she was about to leave this state and go to another state, intending to live there, or words to that effect, and that plaintiff, relying upon such statement and believing the same to be true, made the affidavit upon which the present attachment is based, then the jury are instructed that they must return a verdict in favor of the plaintiff; and, if you believe from the evidence that she made such statement and that the plaintiff relied upon the

same in making the affidavit, then it is entirely immaterial for the purposes of this case whether said defendant at the time really intended to leave the state or not." From the order granting the new trial the plaintiff has appealed to this court.

The evidence was sufficient to justify the instruction, but the defendant insists, and the court finally so ruled, that, on a trial of the issues raised by a plea in abatement in an attachment proceeding, the plaintiff must prove the *truth* of the facts alleged in the affidavit as grounds of the attachment, and that the principle of estoppel as stated in the instruction could have no application.

The rule undoubtedly is that the plaintiff in attachment must prove the truth of the facts stated in the affidavit, but this burden is fully sustained by proof of declarations of the defendant, which, if true, justified the attachment, and if, in instituting the suit, the plaintiff relied upon such statements and believed them to be true, it is immaterial whether they were true or not; or, stating it differently, the defendant will be precluded from showing the truth, if, by reason of his falsehood, the plaintiff has been induced to institute the suit from which he can not recede without subjecting himself to the payment of damages and costs. *Cocke v. Kuykendall*, 41 Miss. 65; *Roach v. Brannon*, 57 Miss. 490; *Livermore v. Rhodes*, 27 How. Prac. 506; *Horn v. Cole*, 51 N. H. 287. Applying the rule to the case before us, it seems quite clear that the instruction was right; for the evidence was direct and positive that the defendant said to the plaintiff that she was about to remove from the city of St. Louis to the state of Pennsylvania for the purpose of changing her domicile, and the plaintiff testified that he believed the statement to be true, and on the faith of it he began the attachment suit.

In opposition to the foregoing view of the law reliance is placed in the decision of the supreme court in the case of *Exchange Bank v. Cooper*, 40 Mo. 169. The only matter decided in that case which is pertinent to this is that an estoppel can not arise from *inferences* drawn from the defendant's declarations. There the ground of attachment was that the defendant was a nonresident of the state. The cashier of the bank testified that he had known the defendant in St. Louis for about a year, and that he was doing business there as a substitute broker; that, just previous to the institution of the suit, the defendant in conversation stated to him that he resided in the state of Wisconsin at the time the war began; that he had enlisted in the army in that state and that he was in St. Louis on furlough, being in the military service in the capacity of a recruiting officer, and that this led him to believe that the defendant was a nonresident. On this evidence the circuit court instructed, in effect, that the defendant, "by *admitting* that he was a nonresident of the state and that, the plaintiff being thereby *induced* to institute the proceeding against him, he was estopped from denying such admissions on trial." The supreme court very properly held that this instruction was erroneous, for the reason that it assumed that the defendant admitted that he was a nonresident, and it also assumed that the bank was induced to institute the suit by reason of such admission. It will be observed also that the defendant did not in fact admit or say to the cashier that he was a nonresident, but that was only an inference which the cashier drew from the statements made; and the inference was wholly unwarranted, for the cashier knew that the defendant had lived in St. Louis for a year, and was there engaged in business as a substitute broker, and he ought to have known from this that the defendant could not have

been in the military service. It further appears that defendant asked an instruction to the effect that, if the defendant was doing business in the state of Missouri and made his home at the place of business, he was in contemplation of law a resident of the state, and the jury should so find. To this, the court added: "*Unless defendant had represented himself to plaintiff to be a nonresident.*" It is manifest that the instruction as modified was incomplete, for it omitted two elements which are necessary to the operation of an estoppel; that is, the plaintiff believed the statement and acted upon it in bringing the attachment suit. Hence the supreme court very properly condemned the instruction as modified. As before stated, the only point decided, as we read and understand the opinion, was, that the defendant did not state to the cashier that he was a nonresident, and that the inference drawn. by the cashier from what he did say was unwarranted, and that the bank had no right to act thereon.

The respondent also relies upon the decision of the Kansas City court of appeals in the case of *Rheinhart v. Grant*, 24 Mo. App. 154. In that case the tiff relied upon a letter written to him by the defendants as conclusive proof of their intention to conceal or convey their property with intent to defraud their creditors. Such a construction of the letter was permissible, perhaps, but it would have to rest upon inference, upon which an estoppel could not arise, as was decided by the supreme court in the *Cooper case, supra.* For this reason the conclusion reached was right, but, as we apprehend, a misunderstanding of the decision in the *Cooper case* led the Kansas City court of appeals into an erroneous discussion of the application of the rule of estoppel in such cases.

The only remaining case in this state, in which the question has been alluded to, is that of *Eisenhardt*

*v. Cabanne*, 16 Mo. App. 531. There the point was not directly passed on, but the opinion tacitly concedes the application of the principle of estoppel in the trial of issues on a plea in abatement.

We conclude that the first impressions of the learned trial judge were the best, and, therefore, the judgment sustaining the motion for a new trial will be reversed and the cause remanded. All the judges concur.