AMELIA WISE, Respondent, v. HENRY McNICHOLS, Appellant.

St. Louis Court of Appeals, May 21, 1895; Motion for Modification of Judgment Overruled September 24, 1895.

Per BOND, J.

1. **Malicious Attachment:** PROBABLE CAUSE: EFFECT OF ADMISSION OF GROUNDS OF ATTACHMENT BY ATTACHMENT DEFENDANT. An action for malicious attachment can not be maintained on the dismissal of the action by attachment, when the attachment was sued out upon grounds the existence of which was previously admitted by the attachment defendant to the attachment plaintiff; for such prior admissions constitute probable cause for the suing out of the attachment.

2. ———— : PROBABLE CAUSE AS TO ONE OF SEVERAL GROUNDS OF ATTACHMENT. When such attachment has been sued out on two grounds, probable cause as to either will defeat the action for malicious attachment.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Jos. S. Laurie* for appellant.

*Phil. Pollack* for respondent.

BOND, J.—The evidence tends to show that defendant was engaged in the sale of house furnishing goods on time payments; that on July 16, 1891, he sold to plaintiff, who was conducting an eating house, a range, cooking utensils and queensware, at the price of $97, $20 of which was paid in cash, and that a note for $77 was executed for the remainder and secured by a chattel mortgage on the property. It was agreed that the sum expressed in said note should be paid in monthly installments of $10. This amount was paid in August. On September 9, plaintiff called upon defendant and offered to return to him the goods for the balance of $67 then due. Defendant testified that plaintiff then stated that she intended to go to Pennsylvania to live; that her father living in Philadelphia had died leaving her property, and she intended to quit business. Plaintiff denied making any statements as to her removal or intention to remove from this state. Defendant testified that he communicated these statements to his attorney, and was advised to attach the property of plaintiff. Such a suit was begun upon the affidavit of defendant (1), that plaintiff was about to leave the state with intent to change her domicile; (2) that she was about to move her property and effects out of the state with intent to defraud her creditors. The writ thereupon issued was levied by the constable upon the mortgaged effects and other goods of the plaintiff, including a trunk containing the wearing apparel of herself and children, and the property thus seized was placed for custody in defendant's store. The attachment thus begun went by change of venue to another justice, who dismissed the case. Thereupon defendant

brought a second attachment suit based upon the same grounds and for the same cause of action, under which a writ was levied upon the same property taken in the first suit. This suit, after a change of venue, was tried upon a plea in abatement and a verdict rendered for the defendant therein. Afterward, on a trial of the merits, judgment was rendered for the plaintiff in said suit, who then took an appeal from the judgment against him in the plea in abatement. On a trial of this appeal in the circuit court, a verdict was rendered for the plaintiff therein, which was set aside for an assumed error in an instruction given, from which ruling an appeal was taken to this court resulting in a reversal of the order of the circuit court granting a new trial on the plea in abatement. (*McNichols v. Wise,* 62 Mo. App. 443). Prior to the trial of the plea in abatement in the circuit court the present action for damages for malicious attachment, which had been instituted after the dismissal by the justice of the first attachment suit, was tried, and a verdict and judgment rendered for the present plaintiff for compensatory and punitive damages, aggregating $789.50, from which the present appeal is prosecuted.

The first instruction given for plaintiff by the trial court submitted to the jury the question of the sufficiency of ''the facts and circumstances shown by the evidence to have been within the knowledge of defendant at the time of making the affidavit'' to warrant a reasonably cautious man in the belief of the truth of the·grounds stated in· the affidavit for attachment. This instruction was improper in the present case, since the only evidence relied upon by defendant to show probable cause was the alleged statements made to him by plaintiff. In *McNichols v. Wise, supra,* it is held that the truth of the grounds alleged for an attachment may be shown by evidence of the admissions or repre-

sentations of the defendant, that such grounds existed. As there was evidence tending to show that admissions of the truth of the grounds for attachment stated in the affidavit of defendant had been made to him by plaintiff, the only question as to probable cause for the attachment against plaintiff which should have been submitted to the jury was the inquiry, whether or not such admissions had been in fact made; for, if made, their legal effect was to establish probable cause.

Defendant asked an instruction, which the court gave with the addition of the portion printed in italics. As given, the instruction is to wit: "The court instructs the jury that, even though they may believe from the evidence that defendant did not have probable cause for instituting the attachment, yet plaintiff is not entitled to recover upon the theory of a malicious attachment, unless she further shows to the satisfaction of the jury that defendant, at the time he commenced said attachment, knew that both grounds alleged in his affidavit were untrue, *or shows to your satisfaction that the facts and circumstances, shown by the evidence to have been within his knowledge at the time he made said affidavit and commenced said attachment, were not sufficiently strong in themselves to warrant a reasonably cautious man in the belief that both said grounds were true.*" This matter added by the court was incautiously expressed, for by it the jury were told, in effect, that it is not enough to show probable cause for the attachment that defendant had sufficient reareasons to believe in the truth of *one* of the grounds of attachment alleged in his affidavit. This proposition was an incorrect statement of the law.

For the foregoing reasons, the judgment herein will be reversed and the cause remanded. All concur; Judges ROMBAUER and BIGGS in the result.