PATRICK M. STAED, Appellant, v. FRANK MAHON, Respondent.

St. Louis Court of Appeals, April 20, 1897; Supplemental Opinion Filed May 4, 1897.

1. **Attachment:** FRAUD: EVIDENCE. In attachment, on the grounds that defendant had made, or was about to make, a fraudulent disposition of his property, to hinder or delay his creditors, and that the debt sued for was fraudulently contracted, the failure or refusal of defendant to keep his promise to plaintiff to pay the debt, did not authorize the attachment. Neither did the mere fact that all of defendant's property was mortgaged; nor a statement, by defendant, that all of his property was "covered up," where there was nothing to show that he had in fact made a fraudulent disposition of his property.

2. **Instructions:** EXCEPTIONS: PRACTICE, TRIAL AND APPELLATE. Where plaintiff asked no instructions, and saved no exceptions to those given, he could not complain on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED; Judge BLAND concurring, Judge BOND dissenting.

*T. J. Rowe* for appellant.

The defendant in attachment will, at the trial of the issues under his plea in abatement, be estopped from denying the truth of statements made by him to

the plaintiff, if the matters stated in themselves, without the aid of any inference, constitute ground for attachment, and were relied upon, as such ground, by plaintiff in the institution of the suit. *McNichols v. Wise*, 62 Mo. App. 443; *Reinhart v. Grant*, 24 *Id*. 154; *Eisenhardt v. Cabanne*, 16 *Id*. 531; *Bank v. Cooper*, 40 Mo. 169.

If a person contracts a debt when all his property is incumbered with mortgages, and he is largely indebted on account of unsecured debts, upon which suits have been instituted, such facts, of themselves, are sufficient evidence upon which to base a finding of fact that the debt sued for was fraudulently contracted, and are, of themselves, evidence of fraud. *Blackwell v. Fry*, 49 Mo. App. 638; *Herboth v. Gaal*, 47 *Id*. 255.

*Blevins & O'Brien* for respondent.

A party making no objections and saving no exceptions to the rulings of the trial court in giving instructions, will be deemed to have consented to such instructions, and can not complain in the appellate court. *Ritzenger v. Hart*, 43 Mo. App. 183; *Griffith v. Hanks*, 91 Mo. 116; *Haynes v. City*, 108 *Id*. 133.

Even if the instructions had been excepted to, the failure to call the attention of the trial court to them in the motion for new trial will be deemed a waiver of any error therein. *Roberts v. Boulton*, 56 Mo. App. 405; *State v. Nelson*, 101 Mo. 477.

The question of estoppel can not arise from inferences drawn from defendant's statements. *Bank v. Cooper*, 40 Mo. 169.

In an action at law, the findings of the trial court sitting as a jury upon a question of fact, will not be interfered with, where the testimony is conflicting.

*Schnare v. Austin*, 106 Mo. 610; *Rich v. Fendler*, 55 Mo. App. 236.

BIGGS, J.—This is an appeal from a judgment on a plea in abatement. On the twenty-third day of November, 1893, the plaintiff instituted an attachment suit against the defendant. The alleged grounds of the attachment were that the defendant had fraudulently conveyed or assigned or was about fraudulently to convey or assign his property, and that he had fraudulently concealed or disposed of or was about fraudulently to conceal or dispose of his property so as to hinder or delay his creditors, and that the debt sued for was fraudulently contracted. The defendant filed a plea in abatement, which was tried and submitted to the court without a jury. The issues were found for the defendant and the attachment was dissolved. There was no dispute about the debt. A judgment was entered therefor. The proceedings on the trial of the plea in abatement were duly preserved and the plaintiff has appealed from the judgment therein. The only complaints made in the motion for new trial are that the judgment on the plea in abatement is unsupported by the evidence, and that it is so much opposed to the weight of the evidence as to show partiality or prejudice on the part of the trier of the facts. These objections are renewed in this court.

The only assignment of error upon which the plaintiff can rely is that under the evidence the findings of fact on the trial of the plea in abatement must have resulted from bias, prejudice, or passion on the part of the trial judge. A brief reference to the evidence will show that the judgment will have to be affirmed.

ATTACHMENT: fraud: evidence.

The evidence for the plaintiff tended to prove these facts: The plaintiff became a surety for the defendant

on a note for about $600. At the maturity of the note, to wit, February, 1893, the plaintiff was compelled to pay it. The defendant promised to refund the money at various times, and finally he promised to pay it out of a certain loan for which he was negotiating. On the twenty-third day of November, 1893, he went to plaintiff's office and informed him that he had about completed the arrangement for a loan of $2,000. He exhibited to plaintiff a note for that amount and the deed of trust which he proposed to give as security. In the course of the conversation which followed the defendant informed the plaintiff that he could not let him have any portion of the money, as he needed it to pay other debts. The plaintiff reminded him of his promise, but the defendant insisted that plaintiff must wait longer for his money. The plaintiff threatened to sue by attachment unless his debt was paid. The defendant replied that this would be useless as all of his property "was covered up." Thereupon the plaintiff brought his action. The plaintiff also introduced evidence tending to prove that the defendant was the owner of two saloons, and that they were conducted in the name of "a club," and that this was done for the purpose of fraudulently concealing the property from defendant's creditors, and also that all of the defendant's property was incumbered by mortgages and deeds of trust. On the other side the evidence tended to prove that at the time of the attachment the defendant owned real estate in the city of St. Louis of the value of $36,000; that it was mortgaged for $19,000; that the debts secured by these mortgages were *bona fide*, and that defendant owned unincumbered personal property of the value of $5,300. The defendant admitted that he promised to pay plaintiff out of the loan which he was attempting to negotiate, but claimed that when the time came other creditors were pressing him to such an

extent that he concluded that he would have to use all of the money to satisfy them; that he went to the plaintiff's office and informed him of the condition of his affairs, and that he then told plaintiff that he would shortly negotiate another loan, which would enable him to pay his debt. The defendant testified further that when the plaintiff threatened to sue, he told him that all of his property was incumbered, which was a fact, but he did not say or intimate that he had made a fraudulent disposition of it. These are substantially the facts as shown by the record.

It is evident that we must decide the assignment of error adversely to plaintiff. The defendant ought to have observed his promise to plaintiff, but his failure or refusal to do so did not authorize the attachment. Neither did the fact that all of the defendant's real estate was mortgaged have any tendency to prove the alleged grounds for the attachment, as there was no evidence that the mortgage debts were not justly due. The plaintiff and other witnesses testified that defendant stated that all of his property "was covered up." The defendant denied this. If it be conceded that he said it, the damaging effect of the statement is of little consequence, as there is nothing to show that he had in fact made a fraudulent disposition of his property. His meaning evidently was that all of his property was incumbered. The defendant's explanation of his manner of conducting the saloons was that the saloons were conducted in his building; that the furniture and fixtures belonged to him; that the saloons were operated by the members of a club, of which he was president; that the club had paid him rent, and that all of these facts were well known.

Complaint is made of the declarations of law given at the trial, and that the court failed to fully instruct

INSTRUCTIONS:
exceptions:
practice.

as to the law of the case. This complaint must be disposed of with the statement that the plaintiff asked no instructions and saved no exceptions to those given.

It follows that the judgment of the circuit court must be affirmed. Judge BLAND concurs. Judge BOND dissents.

### SUPPLEMENTAL OPINION.

BIGGS, J.—It seems to me that this case has been reviewed in the only possible way, if any attention is paid to well established rules of appellate practice. As indicated by the instructions, the circuit court submitted to itself, as the trier of the facts, the truth of the alleged grounds of attachment. No objections were made to the instructions. The finding was against the plaintiff, and the only reasons assigned for a new trial were that the finding was unsupported by the evidence, or was so much opposed to the weight of the evidence as to indicate passion or prejudice. However, Judge BOND insists that there *was* a theory of the evidence that ought to have been submitted, and if it had been the verdict might have been different, and that a new trial should be ordered in order that plaintiff may avail himself of this chance. If these views had prevailed this case would certainly have marked a new departure in appellate practice. But it is clear to my mind that this newly discovered theory is not supported by the evidence. Judge BOND seems to misconceive the purport of the decision in *McNichols v. Wise*, 62 Mo. App. 443. The law of that case is that to create an estoppel against a defendant in an attachment suit,—that is, to preclude him from showing the falsity of the facts stated in the affidavit for the attachment, it must appear that he made *unequivocal* declarations of facts, which, if true, would have authorized the attachment, and that

the plaintiff in the attachment sued out the writ under the belief that the statements so made *were true*—in other words, the meaning or purport of the defendant's utterances should not be a matter of inference. Upon that theory alone can that decision be reconciled with *Exchange Bank v. Cooper*, 40 Mo. 160; and *Rheinhart v. Grant*, 24 Mo. App. 154. In the case at bar the defendant said to plaintiff that all of his (defendant's) property "was covered up." He did not say that he had incumbered his property with the intention of concealing it from his creditors; nor is that the only inference to be drawn from what he did say. It is fairly inferable from his statement that he had mortgaged his property to secure *bona fide* debts. Neither is there any evidence that the plaintiff brought the attachment suit on the faith of this statement and under the belief that the defendant had made a fraudulent disposition of his property.

I appreciate and recognize the fact that the defendant, in refusing to reimburse the plaintiff for money paid as his surety, acted in a way that is very much to his discredit, but that is no reason why we should disregard well established rules in order to relieve the plaintiff from the consequences of a wrongful attachment.