Cocke et ux. v. Kuykendall.

The judgment is reversed, and the cause remanded, and a new trial awarded.

———————————————

## JOHN H. COCKE and WIFE v. ISAAC KUYKENDALL.

1. ATTACHMENT: ISSUE PRESENTED, WHEN AFFIDAVIT TRAVERSED.—On the traverse by a plea in abatement of the truth of the causes for which an attachment is sued out, the issue presented is, whether or not the attachment was wrongfully sued out, and not whether the facts stated in the affidavit are true or false.

2. SAME: EVIDENCE: ADMISSIONS.—Where the affidavit for an attachment is founded upon facts, fully justifying it, derived from the defendant himself, he is concluded thereby, and on the trial of the issue whether or not the attachment was wrongfully sued out, he is estopped from showing that his statements were false.

ERROR to the Circuit Court of Yallobusha county. Hon. Wm. Cothran, judge.

The substance of the testimony adduced on the trial in the court below is as follows :

John H. Cocke, plaintiff, testified that—He met defendant in Oakland, 11th of January, 1866, and asked him about paying his debt; defendant replied, " it was no use to talk about it; he was broke and could not pay it." Witness asked, " what had he done with the land?" Defendant replied, " he was owing his son George, and had made a deed of it to his son's wife." Witness asked, " what had he done with his cotton?" Defendant replied, " that his sons had come back from the army, and that he had given it to them." Witness asked, " what have you done with your Yockana land?" He answered, " he had disposed of it." Witness, on examination, found some ten bales of cotton at the Oakland depot *for shipment* in the name of J. N. Kuykendall, son of defendant. Witness then went to Coffeeville and sued out his attachment. That defendant, in 1863, had offered to pay note in cotton at thirty cents per pound, and witness agreed to take

it; but finding it in bad order, and ten miles from the depot, refused to take it for thirty cents, but offered to take it for twenty-five, which was declined.

Davidson testified—Was depot agent; at time attachment was sued out there was nine bales of cotton at the depot marked "J. N. Kuykendall," son of defendant. Did not know to whom it belonged, but it was hauled by J. N. Kuykendall with wagon, team, and driver that for many years belonged to defendant. Had conversation with defendant about time attachment was sued out; said he was broke and could not pay plaintiff, and that he ought to have taken the cotton in 1863. Defendant had always borne a good character.

Blackwell testified—Shortly before the attachment was sued out had a conversation with defendant. He said plaintiff ought to have taken the cotton offered him in 1863, and that when plaintiff got his money now, he hoped that he would let him know it.

Walker testified that—He bought from defendant one bale of cotton out of the lot that was at the depot.

Perry testified that—On 11 January, 1866, defendant told him he had a lot of cotton at the depot, offered to sell it to witness, but they could not agree on the terms.

Testimony for defence.

Isaac Kuykendall, defendant, testified that—In 1863 he offered plaintiff cotton for the note sued on, and that plaintiff refused without stating any reason.

Witness never made any deed of his land to his son's wife, still owns all the property he ever owned, except what he lost by the war. Never gave his sons any cotton, except to buy clothes. The shipping of his cotton in his son's name was done without his knowledge. Had offered to give up the land which

formed the consideration of the note sued on. Had offered to pay the note in greenbacks, in 1864, and plaintiff had rejected both offers. That witness had no idea of conveying away his property to defraud his creditors.

J. A. Kuykendall testified—Was son of the defendant, attended to his father's business. Cotton shipped from Oakland in January, 1866, belonged to defendant, and was marked in witness's name, without his father's orders, and with no intention to defraud his creditors.

Craig & Black testified as to the good character of defendant. That cotton at time levied on was worth forty to forty-five cents; at time of trial twenty-five to thirty cents.

*White & Chalmers*, for plaintiffs in error, commented upon the testimony, and insisted that defendant was concluded from denying the admissions made to plaintiffs, and upon the faith of which the attachment was sued out, and cited the following authorities, as to the conclusiveness of such admissions : 1. *Greenleaf's* Ev. secs. 267, 268; 1. *Philips* Ev. 4 *Ed. Cowen & Hill's* notes, pages 453, 454 and note, 458 and note; *Tuft* v. *Hayes*, 5 *New Hamp. R.* 452; *Divoll* v. *Sedletter*, 4 *Pickering*, 220.

*Fisher*, for defendant in error, insisted that the verdict of the jury was sustained by the testimony. That plaintiff was not influenced in suing out the attachment, alone by the admissions of the defendant, but by his own discovery. That defendant's cotton was at the depot for shipment, and marked in the name of his son.

HARRIS, J., delivered the opinion of the court.

The plaintiffs in error sued out an attachment before the clerk of the Circuit Court of Yallobusha county, against defendant, on the 12th January, 1866, which was duly levied by the sheriff on twenty-three bales of cotton and some land, as

the property of the defendant, on the 18th January, 1866.    On the same day of the levy the defendant replevied the cotton.

Plaintiffs filed their declaration on the 30th April, 1866 ; and the defendant filed his plea in abatement verified by his affidavit traversing the truth of the alleged causes for which the attachment was sued out under the statute.    And at the same term of said court the following verdict and judgment were rendered on said plea :

"This day came the parties by their attorneys, and thereupon came a jury of good and lawful men, &c., who being elected, tried, sworn and empannelled according to law, say : 'We, the jury, find verdict for defendant, and assess his damage at the sum of $1,400.00.'    It is therefore considered by the court that the defendant have judgment against the plaintiffs for the sum of $1,400.00, damages assessed by the jury aforesaid. Also costs in this cause expended."

There was a motion for a new trial upon the ground, first, that the jury found contrary to law and evidence ; and second, because the damages were excessive ; which motion was overruled by the court, and the case brought to this court by writ of error.

The ruling of the court on the motion for a new trial, is the error here assigned.

Under our statute, Code p. 377, art. 14, the defendant in attachment, in the Circuit Court, may file a plea in abatement, verified by affidavit, traversing the truth of the alleged causes for which said attachment was sued out, and upon such plea being filed, the court, on motion of the defendant, may order a jury to be empannelled, during the term to which the attachment is returnable, as the term of the appearance of the defendant, to try and determine *whether the said attachment was wrongfully sued out ;* and if the jury shall find *that the said attachment was wrongfully sued out,* they shall assess the damages *for wrongfully suing out the same,* &c.

From the provisions of the statute, the issue to be tried and determined by this jury, is, "*Whether the said attachment was*

*wrongfully sued out*," and not whether the facts stated in the affidavit are *actually true or false.*

The verdict of the jury in this case is at least very informal, and unsatisfactory, and it is by no means clear that they understood the issue they were sworn to try. It is very probable that they regarded it as their duty to find, under their oaths, whether the facts stated in the affidavit of plaintiff were really true or false. At all events, one thing is most manifest, that if they intended to say that the attachment was *wrongfully sued out*, in view of all the testimony in this record, their verdict was not only without evidence to sustain it, but against the direct evidence of the plaintiff, *virtually admitted to be true by the defendant himself.*

The affidavit was founded upon facts, fully justifying it, derived from the defendant. That they were untrue, does not affect the conduct of plaintiff, even if the jury believed them untrue; the attachment was not *wrongfully sued out* by the plaintiff when resting upon the statements of the defendant himself. It does not lie in his mouth to say that his statements made to the plaintiff, and upon the truth of which plaintiff relied, and had a right to rely, were all false, and therefore plaintiff's attachment was wrongfully sued out.

The wrongful act was the defendant's falsehood, and he has no right to avail himself of his own wrong and to visit its consequences upon the plaintiff.

Let the judgment be reversed, cause remanded, and a venire de novo awarded.