MACK, STADLER & CO. *v.* MORRIS JACOBS.

1. ATTACHMENT. *Non-resident. Debt not due. Plea in abatement.*

Since, to authorize an attachment against a debtor on the ground of non-residence, the debt must be due, a plea in abatement that it was not due when suit was begun is sufficient.

2. SAME. *Fraud of defendant. Insolvency Relief of plaintiff. Instruction.*

Where, in attachment, the issue is whether defendant had converted, or was about to convert, his property into money, with intent to place it beyond the reach of creditors, it is proper to refuse an instruction that if defendant led plaintiff to believe he was insolvent, and that he was about to so convert property, the jury shall find for plaintiff; unless the question is one of defendant's estoppel to deny the ground of attachment, plaintiff's belief as to defendant's solvency, or the truth of the grounds of attachment, is immaterial.

3. SAME. *Damages. Act 1884. Special verdict. Instruction.*

Under the act of 1884 (Laws, p. 76) the jury, in attachment, may assess punitive damages against the plaintiff, if it certifies in the verdict that

it believes that the attachment was sued out "recklessly or wantonly, and without probable cause, or with intent to oppress the defendant." In such case, the plaintiff cannot complain of instructions that impose on defendant the greater burden of showing that the attachment was maliciously sued out.

4. CONSTITUTIONAL LAW.   *Act* 1884.   *Verdict.   Finality.*

Section 1 of said act of 1884 is not unconstitutional because it provides that the jury may render a special verdict, and assess punitive damages against the plaintiff in attachment in certain cases, and that "any verdict they may assess shall stand," unless the court shall certify that it is grossly unconscionable, or unwarranted by the facts.   The legislature may prescribe the terms on which creditors may resort to the extraordinary remedy by attachment.

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

This is an action of attachment begun in December, 1891, by Mack, Stadler & Co. against Morris Jacobs.   It is subject to the provisions of "An act relating to attachment cases," approved March 11, 1884 (Laws, p. 76), the first section of which is as follows :

"SECTION 1. *Be it enacted by the Legislature of the State of Mississippi,* That if, upon the trial of a plea in abatement to any attachment, the jury shall find for the defendant, and shall certify in their verdict that they believe the attachment was sued out recklessly or wantonly, and without probable cause, or with intent to oppress the defendant, then they shall not be confined to actual damages merely, but any damages they may assess for the defendant shall stand, and judgment be entered therefor, unless the court shall certify, in the judgment setting aside such verdict, that in its opinion the same is grossly unconscionable, or wholly unwarranted by the facts."

The grounds of the attachment are stated in the opinion. The defendant traversed the affidavit, and on the trial of the issue thus raised the jury returned the following verdict : " We, the jury, find for the defendant, and find that the attachment was malicious, wrongful, and sued out without prob-

able cause, and with intent to oppress the defendant, and assess his damages at $900. Judgment was entered accordingly, and, after motion for new trial overruled, plaintiffs appeal.

As the questions passed on by the court arise on the pleadings and instructions, it is not necessary to set out the evidence. It was conflicting, but sufficient, in the view of this court and the court below, to warrant the verdict.

The instruction for plaintiff, which is specially noticed in the opinion, is as follows :

" The court instructs the jury that, although they may believe that the defendant was solvent at the time the attachment was sued out by it, if they believe that his conduct and language to plaintiff was such as led plaintiff to believe him to be insolvent, and that he was converting, or was about to convert, his property into money, or evidence of debt, with intent to place it beyond the reach of his creditors, they should find for plaintiff, if they believe that the language or conduct of defendant was such as warranted the charges contained in the affidavit."

The instructions for defendant, commented on by the court, are as follows :

" 1. The court instructs the jury that if they find from the evidence that the attachment was sued out maliciously, wrongfully and without probable cause, or with intent to oppress the defendant, then the form of their verdict may be: ' We, the jury, find for the defendant, and find that the attachment was malicious, wrongful and sued out without probable cause, and with intent to oppress the defendant, and assess his damages at $........' "

" 5. The court instructs the jury, in behalf of the defendant, that, if they find for the defendant, they will assess to him such damages as the evidence shows he has sustained by reason of the wrongful suing out of the attachment; and if they believe that the attachment was sued out maliciously, recklessly and without probable cause, or with intent to oppress the defendant, then the jury are not confined to actual

damages, but may assess damages for injury to defendant's reputation and credit."

*Nugent & McWillie*, for appellants.

1. The affidavit does not conform to the statutory requirement, but treats the debt as one due; and the defendant in the court below proceeded to trial without any question as to the propriety and sufficiency of the affidavit. The only proper course would have been by motion to quash the affidavit because the debt was not due. Had this been done, the question of the maturity of the debt would have been the only issue involved. A plea in abatement of the character employed in this cause is not authorized in this state. It is certain that the jury must have been influenced by the fact that the debt was not due.

2. The first instruction for plaintiff should have been given. There was evidence tending to show the hypothetical state of facts relied on, and it should have been given, notwithstanding its general language. *Roach* v. *Brannon*, 57 Miss., 490; *Cocke* v. *Kuykendall*, 41 *Ib.*, 65; *Penny* v. *Holberg*, 53 *Ib.*, 567; *Morgan* v. *Nunes*, 54 *Ib.*, 308.

3. The first instruction for defendant was erroneous. There was no real issue in the cause to justify the charge. If there was, there is no evidence to warrant the finding that the attachment was malicious. The very giving of the charge must have induced the jury to think that the presiding judge considered there was evidence to sustain it. The court had nothing to do with the question of damages. If it had, we presume it might have given in charge the statute itself. Certainly no words not found in the statute should have been adopted by the court. Besides, there is no rule in it prescribing the admeasurement of damages. Ordinarily, damages must be natural and proximate. Under this statute, the jury may award damages wholly speculative. There was no malice or oppression intended, and the damages should have been limited to such as were actually sus-

tained.  *Meyers* v. *Farrell*, 47 Miss., 281; *Marqueze* v. *Sontheimer*, 59 *Ib.*, 430.   The act of 1884 is scarcely constitutional in the form it which it appears, since it gives neither chart nor compass to the jury, and takes away the right of appeal.

*Mayes & Harris*, for appellee.

1. The objection that the ground of attachment was admitted because the plea did not deny non-residence, comes too late.   It is made in this court for the first time.  *Railroad Co.* v. *Minor*, 69 Miss., 710.   Further, plaintiff went to trial on the affidavit without objecting to its sufficiency.

2. In fact, however, the denial that the debt was due is a good answer to the affidavit.   Under the code of 1880, the attachment did not lie on a debt not due, on the ground of non-residence.   Ordinarily, it is not competent, on the traverse of the affidavit, to go into the question of the existence of the debt sued on, but that is because the matter is in bar, and not in abatement.   One who is a non-resident is not necessarily liable to attachment on that ground.   The cause for attachment is not perfected unless the debt is due.   Here is an attachment on two grounds, and both must exist.   The non-resident cannot deny the first ground—namely, that he is a non-resident—but can deny that the debt is due.   We submit that the only proper answer is a denial that the debt is due, and this is a complete defense.   If it is sustained, the suit must abate.   In *Lowenstein* v. *Aaron*, 69 Miss., 341, this court has exploded the idea that, on the trial of an attachment, the investigation is always to be limited to the existence or non-existence, literally, of the grounds averred for attachment.

3. Plaintiff's first instruction was properly refused.   It was not correctly drawn, and the testimony in the case did not justify it.   Insolvency had nothing to do with the issue involved.   The instruction is a stagger at the doctrine of *Cocke* v. *Kuykendall*, 41 Miss., 65.   But it omits wholly the element necessary in estoppel—namely, that the affiant must

have believed the charges made in the affidavit to be true. Plaintiff's belief, under the evidence, was immaterial.

4. It is admitted that the first and fifth instructions for the defendant did not accurately follow the statute, but we fail to see how the departure was prejudicial to plaintiffs. If there be error, it is not reversible error.

5. The verdict was sufficient as a statutory verdict, under the act of 1884, for it was only necessary for the jury to find one of three things—namely, (1) that the attachment was sued out recklessly and without probable cause; or (2) that it was sued out wantonly and without probable cause; or (3) that it was sued out with intent to oppress the defendant. The finding of the jury went further than was necessary. It was sufficient to find that it was sued out without probable cause and with intent to oppress the defendant. Surely it will not be condemned because, in addition, the jury returned that the attachment was malicious.


WOODS, J., delivered the opinion of the court.

The affidavit of appellants for the attachment alleges and charges " that Morris Jacobs is justly indebted to the said firm of Mack, Stadler & Co., in the sum of five hundred and thirty-five dollars, and that said defendant is a non-resident of this state, or that he has converted, or is about to convert, his property into money or evidences of debt, with intent to place it beyond the reach of his creditors." The plea in abatement of appellee avers " that at the time of suing out of said attachment, the said plaintiff's debt on the cause of action on which they sue was not due; and that he had not converted his property into money or evidences of debt with the intent to place it beyond the reach of his creditors," etc. On this plea appellants went to trial, and the sufficiency of the plea was taken for granted by counsel on the respective sides, and by the court below.  Here, in argument before us, the ground is taken that the plea in abatement did not challenge the propriety or sufficiency of the affidavit made to

procure the attachment. This ground, now taken here, is untenable, even if it had been assumed at the proper time in the court below.

It will be remembered that, to sustain an attachment against one on the ground of non-residence, the debt sued for must be due. The affidavit in the case at bar charges that the debt sued for is due, and the brief of counsel for appellant frankly admits this. Two essential facts must concur to sustain the first ground of this attachment, viz.: the non-residence of the attached debtor, and the present maturity of the day of payment of the debt. The debtor, in the case in hand, was a non-resident; the debt was not due. What was the wrongfully attached non-resident debtor to plead? Plainly, he could not simply traverse the language of the affidavit only. He could not aver that he was a resident. He must plead, if at all, in effect, as follows: "True, I am a non-resident of the state, but the debt for which my estate has been seized under attachment is not due, and, hence, I am not liable to attachment under the laws of this state, and this ground of attachment is not maintainable." And this is exactly what the plea in abatement amounts to. It was the proper plea, the only plea, if the appellee desired to contest this alleged cause for which the attachment was sued out. It admitted one of the essential facts, and denied the other. The counsel and the court below were not in error in treating the plea as a sufficient traverse of the first ground of the attachment.

This view disposes of the errors assigned as to the action of the court in the rulings as to evidence, and it is only necessary to consider the refusal of the first instruction asked for the appellants. The instruction makes the solvency or insolvency of the attached debtor, and the belief of plaintiffs as to his condition financially, induced by the conduct and language of the defendant, prominent factors in determining the issue raised by the plea in abatement. This statement is so glaringly inaccurate as to need no refutation. The belief of plaintiffs as to defendant's solvency or insolvency was not

in issue at all, and their belief as to his supposed conversion of his property into money, etc., was not the issue to be tried and determined. That issue was: did the facts alleged in the affidavit for the attachment, and traversed by the plea in abatement exist? Of course, a case may be imagined when the defendant would be estopped to deny the truth of the fact alleged in the affidavit; and this, we suppose, is what this refused instruction was intended to tell the jury. But the statement of the principles of law contained in it find no support in any adjudications of this court. It is proper to say, too, that the evidence in the case did not warrant any instruction embodying the doctrine of estoppel applicable in cases of attachment.

The first and fifth instructions given for appellee are not erroneous. The language employed is not precisely that used in the statute, but it could not have been hurtful, unless to the appellee himself. By the language of these instructions he had, we think, a burden greater than that created by statute put upon him. He saddled himself with the task of satisfying the jury that the attachment was sued out *maliciously*, instead of *wantonly*, as the statute denominates it. It is not for appellees to complain, in our opinion. Besides, the jury was told by this instruction that, if the attachment was sued out with intent to oppress the defendant, then the verdict need not be confined to actual damages, but may include damages for injury to defendant's reputation and credit, and the jury found that the attachment was sued out with intent to oppress the defendant.

The learned counsel for appellants suggest a doubt as to the constitutionality of the first section of the act of 1884 (Laws, p. 76), in which it is declared that verdicts like the one in hand *shall stand*, etc. We need only say that we can conceive of no ground upon which the doubt suggested, not urged, by counsel can rest. The statute creates and confers upon creditors an extraordinary remedy for the collection of their debts. Can any plausible reason be assigned for deny-

ing to the legislature the right to prescribe the terms upon which creditors shall undertake to use and employ this extraordinary remedy against their debtors?

*Affirmed.*