JOSEPH LOEWENBERG, Appellant, v. ARNOLD DE VOIGNE et al., Respondents.

St. Louis Court of Appeals.   Submitted on Briefs October 4, 1909.   Opinion Filed November 30, 1909.

1. **CORPORATIONS: Failure to Perform Contract Providing for Incorporation: Refusal of State to Issue Certificate of Incorporation: Pleading: Petition.**   In an action for breach of a contract, providing for the organization and incorporation of a corporation, entered into between plaintiff, defendant, and several others, the petition alleged that defendant, for the purpose of preventing such incorporation, lodged objections against the same with the Secretary of State, and that said objections were frivolous and made maliciously, but that by reason thereof the Secretary of State refused to issue a certificate of incorporation and the corporation was not organized. *Held,* that no cause of action was stated, inasmuch as it will be presumed the objections were sufficient to prevent the Secretary of State from issuing the certificate.

2. ———: ———: ———: **Objection to Issuance of Certificate: Motive of Objector Immaterial.**   In such a case the motive of defendant in making said objections, whether malicious or not, gave plaintiff no cause of action at law for damages for making them.   If it was a lawful act, however ill the motive might be, he had a right to do it; if it was an unlawful act, however good his motive might be, he would have no right to do, and hence his motive was irrelevant.

Loewenberg v. DeVoigne.

3. ———: ———: **Pleading: Petition: Failure to Allege Compliance by Necessary Parties.** In an action for breach of a contract, providing for the organization of a corporation, entered into between plaintiff, defendant and several others, in which it was provided the corporation should be organized by a majority in interest of the subscribers to said contract, the petition alleged that defendant, for the purpose of preventing such incorporation, maliciously lodged frivolous objections against the same with the Secretary of State, by reason whereof that official refused to issue a certificate of incorporation upon articles of association executed and filed by all the parties to said contract, except defendant. *Held,* the failure of the petition to aver that the parties who proposed to form the corporation constituted a majority in interest of the subscribing parties to said contract was a fatal omission.

4. ———: ———: **Equity: Specific Performance: Certainty Requisite.** A contract to form a corporation, which does not specify the amount of capital or the number of shares into which it should be divided, nor the amount proposed to be paid in on incorporation, nor who shall constitute the first board of directors, and which does not provide for a division of the shares among the incorporators, all of which are particulars required by statute to be set out in the articles, is too uncertain to be specifically enforced.

5. **PLEADING: Demurrer: Defect of Parties.** A fatal defect of parties in a petition is properly challenged by demurrer.

6. **CORPORATIONS: Failure to Perform Contract Providing for Incorporation: Pleading: Joinder of Parties.** In an action for breach of a contract, which provided for the formation of a corporation which was to take over the assets and assume the liabilities of two existing corporations, of which the parties to said contract were stockholders, the petition alleged that defendant, for the purpose of preventing such incorporation maliciously lodged frivolous objections against the same with the Secretary of State, by reason whereof that official refused to issue a certificate of incorporation, and that two of the parties to said contract had, since its execution, sold their stock in said existing corporations to plaintiff. *Held,* that said transfer did not affect the right of action of said parties under the contract, and that they were necessary and indispensable parties to the action, notwithstanding said sale.

7. ———: ———: ———: **Assignment of Cause of Action.** A right of action for damages for preventing the issuance of a certificate of incorporation in accordance with a contract entered into by defendant and others to form a corporation is not assignable.

8. **ASSIGNMENTS: Right in Thing Assignable: Right to Bring Action not Assignable.** While a right in a thing may be assigned, and by that the right to bring action for it may follow, a mere right to bring an action on a contract is not assignable.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Wm. A. Kinnerk* for appellant.

*David Goldsmith* for respondents.

STATEMENT.—Plaintiff commenced this suit, and after filing several petitions, stood on this as his cause of action, it being his second amended petition:

"That heretofore, to-wit, on the first day of September, 1904, he in conjunction with R. H. Kobusch, Charles H. Thuner, Wm. A. Kinnerk, F. W. Halkemeyer, Charles Rost, F. C. Helmkamp, F. A. Trebbe, defendants, Arnold L. DeVoigne and one Miss Susie Simpson, who at the time composed all the stockholders of the Charles Rost Furniture and Premium Company, a corporation, and the Union Premium and Mercantile Company, a corporation, entered into a certain agreement in writing (a copy of which is herewith filed marked exhibit 'A') wherein and whereby it was provided that a new corporation should be organized by a majority in interest of the subscribers to said agreement to be styled Rost-Union Premium Company, or other suitable name, and that said new company should take over all the assets and assume all the liabilities of the two corporations above named; that is, the Charles Rost Furniture and Premium Company and the Union Premium and Mercantile Company.

And the said Charles Rost and Arnold L. De Voigne further agreed in and by said contract that upon the

organization of said new corporation provided for and contemplated by said contract, that they, nor either of them, would directly or indirectly, engage in a like business as that carried on by said Charles Rost Furniture and Premium Company and the said Union Premium and Mercantile Company for a period of five years after the organization of said company within a radius of fifty miles of the territorial limits of the city of St. Louis, Missouri.

Plaintiff further states that upon the execution of said contract of consolidation, all the parties thereto with the exception of said defendant DeVoigne, proceeded to carry out the same in good faith and articles of association of said proposed company under the name of Rost-Union Premium and Mercantile Company, were duly executed, filed of record and presented to the Secretary of State at Jefferson City, as provided by law for the formation of corporations, but that a certificate of incorporation was not issued by the Secretary of State by reason of objections filed against said proposed incorporation by said defendant DeVoigne, through attorneys employed by him for that purpose.

Plaintiff states that said objections related solely and only to the name of said proposed corporation and were grounded upon the fact that there was an existing going corporation by the name of Union Premium and Mercantile Company with which the name of the proposed corporation would conflict.

That said name, to-wit: Rost-Union Premium and Mercantile Company, by reason of its association with the Charles Rost Furniture and Mercantile Company, was well-known to the trade, and was of great and incalculable value and would have been a valuable and continuing asset in the business proposed to be carried on by said new corporation.

Plaintiff further states that said objections so made were frivolous and without merit, and were known to

be so when made by said defendant DeVoigne through his said attorneys, and were maliciously made for the purpose of preventing the incorporation of said company as contemplated by said contract of consolidation, and that by reason thereof the corporation contemplated and provided for by said contract of consolidation has not been organized.

And plaintiff further says that notwithstanding the provision in said contract hereinbefore referred to, wherein the said DeVoigne agreed upon the organization of said corporation not to engage in a business of like character for the period of five years, yet the said DeVoigne, in the month of December, 1904, opened up a business of like character as that carried on by the said Charles Rost Furniture and Premium Company, and the said Union Premium and Mercantile Company, directly opposite the place of business on Franklin avenue, in said city, of the said Union Premium and Mercantile Company, and has since then prosecuted and is now prosecuting and actively engaged in the conduct of said business.

Plaintiff further states that by an instrument in writing bearing date July 21, 1905 (herewith filed marked Exhibit 'B'), all the parties to said contract except Messrs. Thuner and Helmkamp, who prior to said date and subsequent to the execution of said contract of consolidation, had disposed of their stock in said companies to this plaintiff for value, and except the defendant herein and one Susie Simpson who is now in defendant's employ in said competing business, transferred and assigned for value their right of action under said contract against said DeVoigne to this plaintiff.

And plaintiff further says that said Susie Simpson has declined to become a party to this suit as plaintiff, and she is, therefore, made a defendant.

Plaintiff further says that by reason of the act of said DeVoigne in preventing the consolidation of said

two corporations, by his act in preventing the adoption of the name aforesaid, to-wit: Rost-Union Premium and Mercantile Company, and by his act in carrying on a business of like character as that carried on by said Charles Rost Furniture and Premium Company and the Union Premium and Mercantile Company in violation of the provisions of said contract, he has been damaged in the sum of five thousand dollars, for which sum he prays judgment against said DeVoigne.

And plaintiff further says that by reason of the act of said DeVoigne in so establishing said business he will continue to be damaged; that he is without an adequate and complete remedy at law for the said continued violations of said contract, and he prays that upon the final hearing of this cause that said DeVoigne be forever enjoined and restrained from carrying on said business in violation of the provisions of said contract.

And plaintiff further says that the acts hereinbefore complained of were maliciously and willfully committed for the purpose of injuring and damaging this plaintiff and his assignors, and plaintiff, therefore, prays a further judgment against said DeVoigne in the sum of five thousand dollars by way of exemplary or punitive damages."

Defendants demurred to this on the grounds, (1) that it did not state facts sufficient to constitute a cause of action; (2) defect of parties in that C. H. Thuner and F. C. Helmkamp should have been made parties plaintiff or defendant; (3) defect of parties in that R. H. Kobusch, F. W. Halkemeyer, Charles Rost and F. A. Trebbe are not made parties plaintiff or defendant. The demurrer was sustained and plaintiff declining to plead further, judgment went for defendants, whereupon plaintiff appealed.

REYNOLDS, P. J. (after stating the facts).—
This petition appears to be one at law and equity.
Treating it as combining both and that in one count
(to which no objection was made by defendants by de-
murrer or otherwise), we cannot see that plaintiff
makes out a case for relief on either side of the court.
His counsel cite us to no authority in support of his
positions. For that matter, we may add, that we are
without the aid of cited authority by counsel on either
side. While it is often burdensome to the court to be
confronted with a great mass of citations, citations that
direct us to authority on the points made are always
not only serviceable but welcomed. Looking to the
parts of the petition relied on by counsel as showing
plaintiff clearly entitled to nominal damages for the
admitted violation of the contract which counsel claims
likewise clearly entitled him to substantial punitive
damages, we find it there averred that the objections
made by defendants to the issue of a certificate of in-
corporation and on which the certificate was refused,
"were frivolous" and were "maliciously made," for the
purpose of preventing the issue of the certificate. It
is to be presumed that the objections were sufficient
to prevent the Secretary of State from issuing the cer-
tificate, so that they could hardly have been considered
frivolous by the Secretary of State, and we are referred
to no case which holds that the motive with which they
were made by the defendants, whether malicious or not,
gives plaintiff a cause of action at law for damages for
so making them. On the contrary, we find weighty au-
thority in support of the proposition, that the state of
mind of the person doing the act complained of does not
affect the right to do it. "If it was a lawful act, how-
ever ill the motive might be, he had a right to do it.
If it was an unlawful act, however good his motive
might be, he would have no right to do it. Motives and
intentions . . . are absolutely irrelevant." [Lord

Halsbury, L. C., in Mayor, etc., of Bradford v. Pickles, commonly cited as Bradford Corporation v. Pickles, 1 App. Cas. (1895) 587, l. c. 594.] This same principle was again announced in the case of Allen v. Flood, 1 App. Cas. (1898) 1, l. c. 46, in which latter case, WILLS, J., says, in substance, that there are acts which a man has a definite legal right to do without any qualification and which therefore cannot be actionable, and in such case, the motive with which the act is done is immaterial. "A good motive does not increase, a bad motive does not diminish, the right to do them." Speaking of the right of a man to erect upon his own land a building which may ruin his neighbor's industry exercised upon the adjoining land, he says: "No action could be maintained, though it were demonstrated that his only purpose in making the erection was to spite and damage his neighbor. . . . Equally any right given by contract may be exercised as against the giver by the person to whom it is granted, no matter how wicked, cruel, or mean the motive may be which determines the enforcement of the right. It is hardly too much to say that some of the most cruel things that come under the notice of a judge are mere exercises of rights given by contract—a fact illustrated perhaps by some of the decisions upon bills of sale. In such cases it is, I apprehend, perfectly clear law that the addition to the statement of the cause of action of the epithet 'malicious,' and proof that the thing done was done from the worst of motives will not make the matter complained of actionable. [Bradford Corporation v. Pickles, supra.] Certainly no one is more keenly alive than myself to the mischief that would be caused by any relaxation of this rule." The same rule has been applied with reference to damages for the prosecution of a civil action not involving the arrest of the person or seizure of property. While there is great diversity of opinion among the courts of this country on the application of

this rule, the weight of American authority appears to be against the right of action. [4 Sutherland on Damages (3 Ed.), side page 701, sec. 1235.] That is the rule recognized in our State and by this court, as see Holke v. Herman, 87 Mo. App. 125, where Judge GOODE, at page 141, has collated the leading authorities in support of the general doctrine that a man's motives in making use of his property are immaterial, provided his act is lawful.

Still treating it as an action at law, the petition is defective. While averring that the contract provided that a majority in interest of the subscribing parties should form the new corporation, it fails to aver that the parties who proposed to form the new corporation constituted a majority in interest of the subscribing parties to the articles. This is a fatal omission.

Treating it as a suit in equity, the contract as pleaded lacks those elements of certainty which would enable a court of equity to specifically enforce it; a fundamental requisite in equity. How would the court ascertain the essentials which must be in articles of association, from a contract that neither specifies the amount of capital, or the number of shares into which it should be divided, nor the amount proposed to be paid in on incorporation? Who shall constitute the first board of directors? Even the division of the shares among the incorporators or subscribers is unnamed. These are all among particulars which our statute requires shall be set out in the articles.

Treating it as an action at law or a suit in equity, there is a fatal defect of parties, and that defect is properly challenged by the demurrer. Even if Thuner and Helmkamp had subsequent to the contract sold their stock to plaintiff, they are necessary and indispensable parties, as parties to the original contract. While a sale of their stock to plaintiff may have divested them of their interest in the old company, it did

not take them out of the contract which is sought to be specifically enforced. The transfer of their shares did not affect any right of action under the contract. Nor can we understand how R. H. Kobusch, F. W. Halkemeyer, Charles Rost and F. A. Trebbe, who are parties to the contract, but not parties to the suit, could transfer and assign their right of action under the contract against DeVoigne to plaintiff. If these persons did not choose to go on with the performance of the contract and participate in the organization of the proposed corporation, surely DeVoigne could not be compelled to go into a corporation with them not members thereof. Nor do we understand how one can assign his right to bring an action : he may assign his right in the thing, and by that the right to bring action for it may follow; but we do not understand how he can assign his mere right to bring action on the contract. If by this is meant, that they assigned their rights in the contract, the question would then arise as to whether those rights are assignable. No allegations in this petition meet this.

On consideration of the petition, we cannot find that it states any cause of action at law or in equity. We think the demurrer was properly sustained and as plaintiff elected to stand on that demurrer and to let final judgment go thereon, the question of whether the petition is amendable is not before us. The judgment of the circuit court is affirmed. All concur.