## McCormick v. Hawks.

[95 South. 241.    No. 22591.]

1. **Attachment.** *Instruction that, if defendant led plaintiff to believe he was non-resident, or about to convert property, jury should find for plaintiff in attachment suit, held erroneous.*

   Where, in attachment, the issue is whether defendant was a nonresident of the state, or had converted, or was about to convert, his property into money, with intent to place it beyond the reach of creditors, unless the evidence is sufficient to raise the question of defendant's estoppel to deny the grounds of the attachment, it is proper to refuse an instruction that, if defendant led plaintiff to believe that he was a nonresident of the state, or that he was about to so convert property, the jury should find for the plaintiff.

2. **Attachment.** *Levy on property of defendant confers jurisdiction on circuit court, and dismissal if issue on plea in abatement erroneous.*

   In an attachment suit originating in the circuit court, a levy of the writ on property of the defendant found in the county confers jurisdiction on the circuit court of that county, and, under section 177, Code 1906 (section 169, Hemingway's Code), it is error to dismiss the cause after the issue on plea in abatement has been found for the defendants, "but the action, unless dismissed by the plaintiff, should be proceeded with in all respects as if it had been an ordinary action in its commencement."

APPEAL from circuit court of Tate county.

HON. GREEK L. RICE, Judge.

Suit by A. L. McCormick against B. F. Hawks. From a judgment for defendant, plaintiff appeals. Affirmed in part, and reversed and remanded in part.

*J. F. Dean,* for appellant.

Under the doctrine of estoppel, Hawks could not represent to McCormick that he was going to leave the state, that

he was going to move to Memphis, that he was "broke" and was going to close out all of his stores in the state and leave the state, and then sell all of his stores in Tate county, and stand by and hear his driver say that they were going to take the remainder of the goods out of the state, and not contradict it, permit or induce McCormick to act on that representation and then deny its truth and procure a judgment against McCormick as a penalty for believing and acting upon and holding for truth a statement made by him.

In 21 Corpus Juris, pages 1113 to 1115, we find the following definition of Estoppel by Misrepresentation: —"Estoppel by misrepresentation arises when one by his acts, representations or admissions or by his silence when he ought to speak out intentionally or through culpable negligence, induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. It consists in holding for truth a representation acted upon, when the person who made it, or his privies seek to deny its truth and to deprive the party who has acted upon it of the benefit obtained." In this connection, Corpus Juris cites *Staton* v. *Bryant*, 55 Miss. 261; *Coke* v. *Kuykendall*, 41 Miss. 65; *Morgan* v. *Nunes*, 54 Miss. 308.

The court erred in dismissing the suit for want of jurisdiction. It is the levy on the property, which gives the court jurisdiction to try the entire case *in rem* and *in personam*. The fact that the jury decided the attachment issued adversely to plaintiff did not divest the court of Tate county of jurisdiction to try the issue of debt upon its merits. The statute is as follows: "If the issue of a plea in abatement be found for the defendant, the attachment shall thereby be discharged and all property seized under it and all persons summoned as garnishees shall be released from it. But the action, unless dismissed by the plaintiff, shall be proceeded with, in all respects as if it

had been an ordinary action in its commencement, etc."
Section 177, Code 1906, section 169, Hemingway.

If this section needed elucidation it is given in *Bates* v.
*Crow,* 57 Miss. 676, and in *Wood* v. *Bailey,* 77 Miss. 815,
which later case expressly reaffirmed the Bates-Crow case,
on page 822, of 77 Miss.

The statute and these two cases are so conclusive of this
cause that we respectfully submit it to the court with the
earnest plea to reverse and remand the entire cause, both
issues to be again tried by the circuit court of Tate county.

*E. D. Dinkins,* for appellee.

The proceeding by attachment is purely statutory and
the grounds of attachment are clearly and distinctly stated
and the courts are not authorized to add to them or to
permit the remedy in any case that does not come strictly
under the terms of the statute.   The alleged grounds are,
that the defendant was a non-resident, not that he had led
the plaintiff to believe he was a non-resident, or was about
to remove his property, etc.

The text, 6 C. J. 425, reads:  "Plaintiff's belief, or
grounds of belief, not sufficient.   The grounds for attach-
ment must actually exist."   The exact question is pre-
sented in *Mack* v. *Jacobs,* 70 Miss. 429, and there decided
adversely to appellant.   Counsel for appellant admits that
appellee's non-residence was successfully controverted, and
that his residence in De Soto county was proven.   The dec-
laration for debt alleged that the defendant was a non-resi-
dent of this state and that he resided in Memphis, Tennes-
see.   There was no appearance by defendant except to
plead in abatement to the attachment.

Prior to the Act of 1878, page 193, of which section 169,
Hemingway's Code, is practically a rescript, an attach-
ment was one suit in an action *in rem.,* and, failing on the
attachment, the plaintiff was without remedy in that ac-
tion for his debt, but now it is provided that though the

plaintiff may not sustain his attachment, he may nevertheless be heard upon his demand for debt.

The section referred to is silent as to the effect of residence or non-residence of a successful defendant in attachment, it merely says, that though the attachment shall fail, "the action, unless dismissed by the plaintiff, shall be proceeded with, etc." The effect of this language, I submit, is only to subject the defendant to the jurisdiction of the court on the issue of debt in such cases as the court, without the attachment, would have jurisdiction to try.

The language of this section not merely suggests the construction for which I contend, but excludes any other. It declares that upon the issue in attachment being found for the defendant, the attachment shall be discharged and all property seized and persons summoned as garnishee, shall be released, but "The action unless dismissed by the plaintiff, shall be proceeded with in all respects as if it had been an ordinary action in its commencement. (Italics mine)."

What can this language mean other than that upon failure of attachment, the action shall become "an ordinary one," as from its "commencement," subject to the same tests of jurisdiction, and the same rules of procedure?

In an "ordinary" action, the venue is in the county of the defendant's residence (Sec. 486, Hem. Code) and in attachments, in any county in which the defendant, or his property or debts, may be found (Sec. 129, Hem. Code), but the very clear meaning of this is; property or debts subject, or proven to be subject, by the existence of one or more of the grounds for attachment.

The mere act of attaching property in a county other than the residence of the defendant does not confer jurisdiction there for any purpose other than to test the existence of the grounds for attachment. If the plaintiff fails to sustain this attachment, it becomes an ordinary suit and subject to the rules that govern in such actions.

The section (169, Hem. Code) was never designed to confer upon plaintiff who shall fail to sustain his attach-

ment, the right to recover the debt claimed in a jurisdiction that he could not otherwise invoke.    The very language of the section is opposed to such construction.    To hold that plaintiff may recover his debt in a county other than that in which defendant resides, without sustaining his attachment, would not only do violence to the plain language of the statute, but would sanction fraud and open a way by which defendants could be cheated of their rights to have suits against them tried in the county of their residence.

Such an advantage was never contemplated.    It is opposed to the letter of the statute.    "It shall be proceeded with as if it had been an ordinary action in its commencement.    *Baum* v. *Burns,* 66 Miss. 124, decided by this court in 1888, a statute, identical with section 129, Hemingway's Code, being then in force.    *Smith* v. *Mulvern,* 57 Miss. 591.    Thus clearly intimating that if the plea in abatement should be sustained, that the jurisdiction in Noxubee county would have been defeated.

In *Wood* v. *Bailey,* 77 Miss. 815, which was an attachment begun in Grenada county (the writ being levied on timber there), against the defendants who were residents of Tallahatchie county, the affidavit and bond were imperfect, and the court on defendant's motion dismissed the attachment issue, and denied to the plaintiff the right to proceed for the debt.    Upon review of the case here, this court held that the attachment writ and bond were void and the defendants being residents of another county were not subject to the jurisdiction of the court in Grenada county.

The only difference in the Woods case and the case at bar is that in the one the affidavit, writ and bond were held to be void, which dissolved the attachment, while in the instant case, the writ was held bad on plea in abatement, with the same result.    The end in each case being the same—the attachment dissolved removed, being "a corpse at the start" because the affidavit was not founded in truth, because it declared the existence of just cause,

of life, when in fact there was death, there can be no good reason for distinguishing between them.

In the statute giving the right to a plaintiff to proceed for debt on the failure of his attachment is held to apply to a defendant who is a resident of another county, and of whom jurisdiction is acquired alone by the attachment, it will be at the expense of violence to the plain language that it "shall be proceeded with in all respects as if an ordinary action at its commencement," and as is said by this court in *Wood* v. *Bailey, supra,* "the risk of damages as they are now restricted will always be taken." 6 C. J. 465; 4 Cyc. 805; *Brackett* v. *Brackett,* 61 Mo. 221; *Peery* v. *Harper,* 42 Mo. 731; 4 Cyc. 806. The attachment in the case at the bar was essential to the jurisdiction. The affidavit charged that the defendant was a nonresident of the state, though it developed that he was not, but a resident of another county.

I think this court has determined the question according to the view contended for, but if not, I respectfully submit that the learned circuit judge was correct in his interpretation of the statute (169, Hem. Code), to the effect that on failure of the attachment the case becomes an ordinary one as from its commencement, and subject to the ordinary jurisdictional tests, and the defendant being a resident of another county, and the attachment of his property adjudged fraudulent, that the case should have been dismissed.

Cook, J., delivered the opinion of the court.

The appellant, A. L. McCormick, instituted an attachment suit in the circuit court of Tate county against B. F. Hawks, appellee. He alleged various grounds of attachment, one of which was that appellee was a nonresident of the state, and, upon the trial of the issue raised by plea in abatement traversing the affidavit for attachment, the jury found that the attachment had been wrongfully sued out, and assessed damages. Thereupon appel-

lee filed a motion to dismiss the cause, on the ground that the circuit court of Tate county was without jurisdiction to hear the cause on the merits or proceed further, for the reason that the defendant, appellee, was a resident of De Soto county, and the attachment issue had been determined in his favor. This motion was sustained, and the cause as then presented by the declaration on the merits, or debt issue, was dismissed, and from the judgments entered on the two issues this appeal was prosecuted.

The undisputed evidence shows that appellee was the owner of a chain of grocery stores, one each in Senatobia and Coldwater, in Tate county, and one each in Love Station and Hernando, in De Soto county; that he had a wife and family and had lived with them in Love Station, in De Soto county, since 1908; that at the date the attachment was sued out, and continuously up to the date of the trial, he was operating the two stores in De Soto county; that some time prior to the date of the attachment he had sold his stock of goods in Senatobia, and on the day the attachment was sued out he was preparing to move certain store fixtures from Senatobia to his store at Hernando; that during the time he was in business at Senatobia appellee purchased from appellant a truck, paying therefor part cash and executing his note for the balance; that this truck had been turned back to appellant, but the testimony is conflicting as to whether the truck had been accepted by appellant in full settlement of the balance due on the purchase price. The appellant testified that some time prior to the date of the attachment appellee told him that he (appellee) was broke, and that he was going to sell out his stores and move to Memphis; that at the time the attachment was sued out appellee's negro driver or helper told him these fixtures were going to be moved to Memphis; that appellee was then standing near by, but he was unable to say whether appellee heard the statement of this negro helper, and that

he did not make any inquiry of appellee in regard to his residence or intentions.

The first assignment of error is based upon the action of the court in refusing to grant an instruction to the effect that, if appellee by his words led appellant to believe he intended to remove himself and property out of the state, they should find for the plaintiff on the attachment issue. We think the evidence in this case was insufficient to estop the defendant from denying the truth of the facts alleged in the affidavit, and that the doctrine announced in *Cocke* v. *Kuykendall,* 41 Miss. 65, is not applicable. Under the evidence in this case we think it comes within the principles announced in *Mack* v. *Jacobs,* 70 Miss. 429, 12 So. 444, where the court said:

"The instruction makes the solvency or insolvency of the attached debtor, and the belief of plaintiffs as to his condition financially, induced by the conduct and language of the defendant, prominent factors in determining the issue raised by the plea in abatement. . . . The belief of plaintiffs as to defendant's solvency or insolvency was not in issue at all, and their belief as to his supposed conversion of his property into money, etc., was not the issue to be tried and determined. That issue was: Did the facts alleged in the affidavit for the attachment, and traversed by the plea in abatement exist?"

We think the instruction was properly refused, and we find no reason to disturb the judgment of the court below on the attachment issue.

The appellant next assigns as error the action of the court in sustaining appellee's motion to dismiss the case on the merits, after verdict for the defendant on the attachment issue. We think this assignment is well taken. The circuit court of Tate county acquired jurisdiction by the levy of the attachment writ upon property of the defendant found in that county, and under section 177, Code of 1906 (section 169, Hemingway's Code) providing that "if the issue on a plea in abatement be found for the defendant, the attachment shall be thereby discharged, and

all property seized under it, and all persons summoned as garnishees, shall be released from it; but the action, unless dismissed by the plaintiff, shall be proceeded with in all respects as if it had been an ordinary action in its commencement," it was error to dismiss the cause upon the dissolution of the attachment.

Counsel on both sides seem to concede that the decisions of this court holding that section 707, Code of 1906 (section 486, Hemingway's Code) providing for a change of venue, has no application to attachment suits, apply also to the debt issue where a plea in abatement has been found for the defendant and the action has become one to be "proceeded with in all respects as if it had been an ordinary action in its commencement," but as to this we do not express any opinion, as the question is not presented by this record.

The judgment of the court below on the attachment issue will therefore be affirmed, and the judgment dismissing the cause will be reversed, and the cause remanded.

*Affirmed in part and reversed in part.*