L. E. LONG, CONSTABLE EX REL. H. G. DUNN, RESPONDENT, v. E. E. ROBINSON ET AL., APPELLANTS.*

Kansas City Court of Appeals. March 1, 1926.

504

*Corpus Juris-Cyc. References: Estoppel, 21CJ, section 226, p. 1222, n. 19; section 227, p. 1225, n. 27, 28; Evidence, 22CJ, section 502, p. 417, n. 64; Executions 23CJ, section 528, p. 602, n. 29; section 1229, p. 975, n. 76.

*De Armond & Maxey* for respondent.

*Silvers & Silvers* for appellant.

ARNOLD, J.—This action by L. E. Long, constable of Deer Creek township, Bates county, Missouri, on an indemnity bond was instituted in the circuit court of said county, at the relation and to the use of H. G. Dunn, under the provisions of section 2874, Revised Statutes 1919, to recover the value of forty head of hogs which were sold under execution at the instance of E. E. Robinson, one of the defendants herein.

The facts of record are that defendant Robinson, a physician of Adrian in Bates county, Mo., procured a judgment in the sum of $241.15 against one William H. Dunn, in the court of a justice of the peace of said county, on an account for professional services. Upon this judgment an execution was issued by said justice of the peace and placed in the hands of plaintiff herein, with directions to levy against certain personal property alleged by defendant to be the property of the judgment debtor. Among the items seized by the constable under said execution was forty head of hogs alleged by relator to be his property. After said levy and seizure of the hogs and other property belonging to relator, and certain property claimed by L. L. Dunn, the wife of the judgment debtor and mother of relator, the relator

filed his notice of ownership of the property levied on and which he claimed, as follows:

"TO L. E. LONG, Constable of Deer Creek Township, Bates county, Missouri:

"Take notice that the undersigned claim the entire interest in the whole of the goods and chattels seized by you upon the execution issued by William S. Mahan, justice of the peace in favor of E. E. Robinson, plaintiff, against W. H. Dunn, defendant, and described as follows:

"Forty-five or fifty acres of growing corn, forty head of hogs, two mules, one horse, one cow, one wagon, two sets of harness, one cultivator, one corn planter, two plows, one harrow, one Ford car, and that we the undersigned are in good faith the lawful owners of the whole of said property. That H. G. Dunn is the lawful owner of all of the corn levied subject to the landlord's lien for rents; that Herbert Dunn and L. L. Dunn are the lawful owners of the forty head of hogs levied on; that Herbert Dunn is the lawful owner of the Ford car levied on, that L. L. Dunn is the lawful owner of all of the remaining property levied on; that the defendant in said execution has no right or title whatever in any of said property, and that said claim is not made in collusion with the defendant for the purpose of vexing, hindering or delaying the plaintiff in obtaining his rights and that this claim and notice is made and executed by L. L. Dunn for herself and as agent for Herbert Dunn.

"Signed, L. L. DUNN

H. G. DUNN, by L. L. DUNN."

"State of Missouri, )
"County of Bates, ) ss:

"L. L. Dunn being duly sworn says that she is acting for herself and as agent for Herbert Dunn and that the facts above stated are true as therein set forth.

"L. L. DUNN.

"Subscribed and sworn to before me this 4th day of October, 1923.

"BEN B. CANTERBERRY,

" (Seal)                    Notary Public."

Whereupon the defendant herein, Dr. E. E. Robinson, filed his bond, as provided by section 2874, Revised Statutes 1919, with D. E. Reist as surety, to indemnify the said constable and directed the said constable to sell the property levied on. The hogs were accordingly sold, purchase being made by one Murphy for relator herein.

This action was instituted at the relation and to the use of H. G. Dunn, alone. The petition is formal and sets up the facts as to the judgment in favor of E. E. Robinson against William H. Dunn; states that execution was issued directing this plaintiff to levy upon the

personal property above mentioned, as described in the execution; that on or about October 1, 1923, plaintiff seized and levied on forty head of hogs among other property; that relator H. G. Dunn notified plaintiff L. E. Long that said forty head of hogs were not the property of said W. H. Dunn and that said W. H. Dunn had no interest therein; that the execution creditor, as principal, and D. E. Reist, as surety, entered into, executed and delivered to W. S. Mahan, justice of the peace, their indemnifying bond.

The petition alleges that the bond was duly filed and approved by said justice of the peace and that said constable advertised and sold under execution and levy the said forty head of hogs, being the property of H. G. (Herbert) Dunn; that Wm. H. Dunn had no interest in the hogs so sold; that at the said sale the relator, H. G. Dunn, in order to prevent said hogs being delivered to some other purchaser, was compelled to and did pay plaintiff as constable, the sum of $269.13, on October 8, 1923; that by reason of the said sale of relator's property, he has been compelled to pay out as attorney's fee the sum of $50; and by reason of such wrongful acts of defendants, relator has been damaged in the sum of $319.13, and judgment is prayed therefor, with interest from October 18, 1923, against E. E. Robinson as principal and D. B. Reist as surety.

Defendant Reist filed separate answer admitting the execution of the bond, but denying liability thereon. The separate answer of E. E. Robinson is, first, a general denial; and, as affirmative defense, alleges that the only claim to an action of the sort commenced in this case, is based upon the notice given L. E. Long, constable, as above set out, which was prepared at the instigation of W. H. Dunn, the judgment debtor, and L. L. Dunn, his wife, without the knowledge of H. G. Dunn and for the purpose of aiding the said W. H. Dunn in a general scheme and plan adopted by himself and his wife in covering up his property, so as to hinder and delay the creditors of W. H. Dunn in the collection of their debts.

The answer further alleges that the only right which plaintiff has is founded on the provisions of section 2874, Revised Statutes 1919, and a statutory notice given pursuant thereto to the constable; and that this action was not brought in conformity to the notice so given and the claim that was set up in said notice; nor are all the parties claiming title to the property in question under said notice made parties to this action; that said notice was given in furtherance of a plan theretofore adopted by W. H. Dunn, and this suit is brought to aid and assist him in covering up his property so as to hinder and delay his creditors in the collection of their debts.

The reply was a general denial. Upon the issues thus made, the cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $269.13, and judgment therefor was accordingly entered. A motion for new trial was ineffectual and defendants appeal.

The first charge of error is directed to the refusal of the court to give the peremptory instruction offered at the close of plaintiff's case and again at the close of all the evidence. As a basis for this contention it is pointed out that in the notice given the constable by H. G. Dunn and his mother, L. L. Dunn, the statement was made under oath that they jointly owned the hogs levied on, that they are conclusively bound by this representation and may not now be permitted to deny the truth of their statement of joint ownership; that this suit should have been instituted at the relation and to the use of H. G. Dunn and L. L. Dunn, and since it was instituted in the name of one of the claimants only, the court should have instructed a verdict for defendants.

In support of this position defendants cite Greenleaf on Ev. (14 Ed.), sec. 27, pp. 207, 208, to the effect that admissions, whether of law or fact, which have been acted upon by others are conclusive against the party making them in all cases between him and the party whose conduct thus has been influenced; that it makes no difference, in the operation of the rule, whether the thing admitted was true or false since it is the fact that the statement has been acted upon which renders it conclusive.

It may be conceded that the general rule is as stated, but it cannot be invoked in the instant case. In the only Missouri case cited by defendants on this point, to-wit, McNichols v. Wise, 62 Mo. App. 443, 446, it is said:

"The rule undoubtedly is that plaintiff in attachment must prove the truth of the facts stated in the affidavit, but this burden is fully sustained by proof of declarations of the defendant, which, if true, justified the attachment, and if, in instituting the suit plaintiff relied upon such statements and believed them to be true, it is immaterial whether they were true or not; or, stating it differently, the defendant will be precluded from showing the truth, if, by reason of his falsehood, the plaintiff has been induced to institute the suit from which he cannot recede without subjecting himself to the payment of damages and costs. [Cooke v. Kuykendall, 41 Miss. 65; Roach v. Brannon, 57 Miss. 490; Livermore v. Rhodes, 27 How. Prac. 506; Horn v. Cole, 51 N. H. 287.]"

It will be seen that the McNichols case has no application to the situation herein. There the contest was based upon the affidavit for attachment, not upon the notice of joint ownership as in the case at bar. The rule applies only where the plaintiff bases his affidavit for attachment upon a statement by the defendant in the attachment suit denying ownership, upon which the plaintiff has relied. Here no such situation is presented. The attachment creditor did not rely upon the affidavit of joint ownership but ignored such affidavit and proceeded to sell the hogs. In other words, the notice of joint ownership is not shown to have influenced the conduct of defendant in

furtherance of his attachment suit. We must hold the rule stated has no application to the facts herein.

It is further insisted in this connection that, there being a conclusive presumption that relator and his mother jointly owned the hogs in question, plaintiff could not sue alone, this contention finding support, in the view of appellants, in the following cited cases: Loewenberg v. DeVoigne, 145 Mo. App. 710; Clark v. Zane, 165 Mo. App. 505; Frumberg v. Haderlein, 167 Mo. App. 717.

We have examined these cases and find that none is in point since they discuss and determine questions presented under entirely different states of fact from those with which we are now concerned. The Frumberg case arose over a contract entered into by two attorneys in which they agreed to commence and prosecute a suit for a stipulated amount; being a joint contract, it was held a several action for its breach could not be maintained by one of the contracting attorneys. In Clark v. Zane, the court held that where two plaintiffs instituted suit in a justice court on a joint account and on appeal to the circuit court plaintiffs failed to show the account was due them jointly, the court held the amended statement in the case would not support a judgment in favor of plaintiff Clark. In Loewenberg v. DeVoigne, it was held that in suits at law or in equity a defect of parties is properly challenged by demurrer, and that where joint owners of property sold their stock, they are necessary parties to an original agreement involved in the suit. As above stated, we are unable to conclude that these decisions are decisive of the point involved herein.

We find in the case of Milroy v. Farber, 37 Mo. 72, a ruling peculiarly applicable to the case at bar. In that case the party whose property was seized made affidavit that he was the owner of it, causing a bond to be made, and brought suit under the bond upon an allegation that the property was only partly his and joined the other claimants as a party plaintiff. The court held that the difference in the claim of ownership as between the affidavit and the pleading was immaterial. And in State to use Grabinsky v. Smit, 20 Mo. App. 50, in discussing the Farber case, supra, the court said:

". . . the questions was whether certain persons other than the claimant could join him as plaintiffs in the suit upon the bond, where the petition alleged that he claimed the property for himself and them, and where the evidence furnished by the sheriff's return was that he claimed the property in writing as his own."

The plaintiff was held to be entitled to recover.

In the case at bar there was evidence tending to show that H. G. Dunn had purchased the progenitors of the hogs in question in his own name, and that, in fact, they were his property; that his mother L. L. Dunn had cared for the hogs in his absence and that he had told her she was welcome to as many of them as she might want. This

was the explanation of the affidavit of joint ownership as it went to the jury. We find in this situation no element that would constitute an estoppel. In estoppel three elements must appear, to-wit, (1) representations must have been made with intent to have them relied upon; (2) the party pleading estoppel must have relied and acted upon them. and (3) he must have been injured thereby. [Pollard v. Ward, 233 S. W. 14.] Under the above analysis the facts herein would seem to dispose of the question of estoppel adversely to defendants' contention. For, if the jury believed that the property levied upon was not the property of W. H. Dunn, as they had a right to do under the evidence, they could reasonably find that defendant Robinson had no right to sell the property of either L. L. or H. G. Dunn to pay the debts of W. H. Dunn.

The primary object of an affidavit of ownership is to notify the officer in charge of enforcement of the execution that others than the judgment debtor own the property. A bond then is required for the protection of such officer as against the claims of the real owners of the property. From the testimony in the case at bar, the jury reasonably might conclude that W. H. Dunn was not the owner of the hogs sold under the execution, and the testimony tended to show who the real owners were.

We must hold, for reasons above stated, that there was no error in the action of the trial court in refusing defendants' instructions in the nature of demurrers. This ruling applies also to the surety on the bond. Defendant Reist admits the bond was executed by defendant Robinson as principal and himself as surety to induce the constable to proceed with the sale of the property. The surety then was a cotrespasser and jointly responsible for the damage done. [Palmer v. Shenkel, 50 Mo. App. 571. 579, and cases therein cited.]

It is urged that the verdict was obtained by testimony obviously false and that a judgment rendered thereon should not be permitted to stand. This charge of error is based upon the fact that in the verified affidavit of ownership it was stated that the hogs were jointly owned by H. G. Dunn and his mother L. L. Dunn, while H. G. Dunn testified at the trial that his mother had an interest in them only to the extent that he had promised her that she could have any part she wanted of the proceeds arising from their sale. This explanation was proper. under our ruling supra, and the point was properly covered by instructions. We are not authorized to disturb the verdict of the jury in this respect.

Finally it is urged that the verdict was the result of plain disregard of the law and the evidence and for this reason the judgment should be reversed. We have already determined this point in what has been said and further discussion thereof would be unprofitable.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.